IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07 CV 56

| | |
|---|---|
| SIGNALIFE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RUBBERMAID INC., NEWELL ) | |
| RUBBERMAID, INC., GARY SCOTT ) | |
| and DAVID HICKS, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion to Remand" (Document No. 6) filed February 27, 2007. This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that there is not enough evidence to support the contention that the non-diverse defendants were added fraudulently to this case. Accordingly, the undersigned will **GRANT** Plaintiff's Motion to remand to state court for further proceedings.

## BACKGROUND

Plaintiff Signalife filed claims in the Superior Court for Mecklenburg County for fraud, breach of fiduciary duty, breach of contract, unfair trade practices, and an alter ego allegation against Defendants Rubbermaid, Inc., Newell Rubbermaid, Inc., Gary Scott, and David Hicks. All of these claims arose from the negotiation and performance of a Sales and Marketing

1

Agreement between Signalife and Rubbermaid, Inc. Soon after the Plaintiff filed this action, the Defendants removed the case to Federal Court pursuant to 28 U.S.C. § 1441. The Plaintiff Signalife then moved for remand claiming that complete diversity of citizenship did not exist between itself and two of the Defendants, Newell Rubbermaid and David Hicks. Thereafter, the Defendants claimed that the non-diverse parties, Newell Rubbermaid and David Hicks, were fraudulently joined as parties, and that diversity did in fact exist because there was no true claim against the non-diverse defendants.

Plaintiff Signalife is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of South Carolina. Defendant Newell Rubbermaid is a corporation organized and existing under the laws of the State of Delaware, and that Defendant David Hicks is a citizen of the State of South Carolina. Therefore, because the citizenship of each party is undisputed, it is evident that, if the non-diverse defendants are in fact eligible and appropriate defendants in this suit, diversity does not exist and the case should be remanded. However, the Defendants argue that no valid claims exist against the non-diverse defendants because the non-diverse defendants were fraudulently joined to the lawsuit by the Plaintiff for the sole purpose of destroying diversity and federal jurisdiction. If the non-diverse defendants were in fact fraudulently joined, then the case remains in federal court.

## **DISCUSSION**

If the parties in this case are not diverse the case should be remanded back to state court. This Court cannot rule in a case where there is no subject matter jurisdiction. 28 U.S.C. § 1447(c). Since the current parties are undisputedly non-diverse, the sole question behind this issue is whether the Plaintiff fraudulently joined in the two non-diverse defendants in order to

destroy diversity. If the Plaintiff did fraudulently join in both non-diverse defendants, then the non-diverse defendants will be dismissed from the proceedings, and the case will continue on in Federal Court. *See Hartley v. CSX Transp., Inc.,* 187 F.3d 422 (4th Cir. 1999).

### A. Fraudulent Joinder

In order to establish that a non-diverse party has been fraudulently joined, a court must consider: (1) whether there has been "outright fraud in the Plaintiff's pleading of jurisdictional facts," or (2) whether "there is no possibility that the Plaintiff would be able to establish a cause of action against the in-state defendant in state court."*Hartley v. CSX Transp.*, *Inc.*,187 F.3d 422, 424 (4th Cir. 1999) (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). However, "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1994). Further, "... the showing must be such as compels the conclusion that the joinder is without right made in bad faith ...". *Chesapeake & O.R. Co. V. Cockrell*, 232 U.S. 146, 152 (1914). If any doubt exists, "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall*, 6 F.3d at 232.

Here, a question exists as to whether the Plaintiff has a claim against the non-diverse defendants. Signalife alleges claims of fraud, breach of fiduciary duty, and unfair trade practices against the non-diverse defendants. If any of these claims is available to Signalife, regardless of their likelihood of success, then the doctrine of fraudulent joinder is not applicable, and the case

3

must be remanded.

1. **Claim of Fraud**

Signalife alleges a cognizable claim of fraud against the non-diverse defendants. The affidavits of Pamela Bunes and Mitchell J. Stein support this claim. According to the affidavits, both Mr. Hicks and Newell Rubbermaid separately interacted with Signalife in the negotiating of the Sales and Marketing Services Agreement at issue, and the affidavits support the position that the non-diverse defendants represented and assured Signalife that Mr. Hicks would be directly and intimately involved in a decision making capacity in the sales and marketing of Signalife's Fidelity 100 monitor and the Holter monitor. However, the affidavits state that the non-diverse defendants knew that they and Rubbermaid Incorporated had no ability or intent to promote the sale and marketing of Signalife's products.

In North Carolina, the elements of fraud are (1) a false representation or concealment of a material fact that is (2) reasonably calculated to deceive and (3) made with the intent to deceive which (4) does in fact deceive and (5) results in damage. *Watts v. Cumberland County Hosp. System, Inc.,* 317 N.C. 110, 116-7 (1986). Whether these elements of fraud were met in this case by the non-diverse defendants is still at issue in this case. However, the affidavits seem to present evidence that the defendants' actions may meet the requirements of fraud. Therefore, the claims of fraud against the non-diverse defendants may be valid.

2. **Claim for Breach of Fiduciary Duty**

Signalife also alleges a cognizable claim for breach of fiduciary duty against the non-diverse defendants. Under North Carolina law, in order to win a claim for breach of fiduciary duty, a plaintiff must show (1) facts creating a relationship of trust and confidence where (2)

defendant used that relationship to induce plaintiff to consummate a transaction which (3) the defendant benefitted from to plaintiff's detriment. *Marketplace Antique Mall, Inc. v. Lewis,* 163 N.C. App. 596, 599 (2004). Signalife has alleged facts that support the position that there may be a fiduciary duty between Newell Rubbermaid and Signalife. They have introduced evidence through affidavits and such that may amount to a claim for breach of fiduciary duty. In viewing these facts in the light most favorable to the Plaintiff, a valid claim of breach of fiduciary duty does exist.

### 3. Claim for Unfair Trade Practices

Finally, Signalife alleges a cognizable claim for unfair trade practices against the non-diverse defendants. The North Carolina Unfair and Deceptive Trade Practices Act states that any "unfair or deceptive act or practice in or affecting commerce" to be unlawful. N.C.G.S. S 75-1.1. Here, it is alleged that both Mr. Hicks and Newell Rubbermaid separately interacted with Signalife in the negotiating of the Sales and Marketing Services Agreement at issue, and that they assured Signalife that Mr. Hicks would be directly and intimately involved in a decision making capacity in the sales and marketing of Signalife's Fidelity 100 monitor and the Holter monitor. However, the affidavits of Pamela Bunes and Mitchell J. Stein state that the non-diverse defendants knew that they had no ability or intent to promote the sale and marketing of Signalife's products. Therefore, Signalife alleges a cognizable claim of Unfair Trade Practices against the non-diverse defendants.

## CONCLUSION

Signalife has pled each of the elements of each cause of action that they assert against the non-diverse defendants. They support each of these pleadings with facts which, when viewed in

the light most favorable to the Plaintiff, shows that a valid claim against the non-diverse defendants does exist. Therefore, a federal court cannot find this joinder to have been performed fraudulently. Valid claims do exist against the non-diverse defendants. The defendants are unable to meet the heavy burden of showing that Newell Rubbermaid and David Hicks were fraudulently joined to the claim. The removal to federal court was therefore improper, and the case should be remanded back to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. Defendant's Motion to Consolidate is hereby **MOOT**

Signed: September 20, 2007

Graham C. Mullen
United States District Judge